# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBECCA A. WHITLOCK-ALLOUCHE, <br><br> Plaintiff, <br><br> v. <br><br> PLUSFOUR, INC., *et al.*, <br><br> Defendants. | Case No. 2:17-cv-01656-RFB-VCF <br><br> **ORDER** |

Before the Court are Defendant Plusfour, Inc. ("Plusfour")'s Motion to Dismiss (ECF No. 11), Plusfour's Motion for Summary Judgment (ECF No. 12), and Plusfour's Motion to Dismiss (ECF No. 20).

Plaintiff Rebecca A. Whitlock-Allouche ("Plaintiff") filed a Complaint before this Court on June 14, 2017, alleging various violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1). Plusfour filed a Motion to Dismiss (ECF No. 11) and a Motion for Summary Judgment (ECF No. 12) on July 31, 2017. Plaintiff filed an Amended Complaint with Jury Demand on August 10, 2017. (ECF No. 14). On August 22, 2017, Plusfour filed a Motion to Dismiss. (ECF No. 20).

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The Court denies the earlier filed motion to dismiss and motion for summary judgment as moot, given the filing of the Amended Complaint. The Court also denies the Motion to Dismiss (ECF No. 20). The Court has reviewed the Amended Complaint and finds that Plaintiff's claims for violations of the FCRA are adequately pled.[1] The Court finds that Plaintiff details sufficient factual allegations to constitute a short and plain statement of the grounds for relief.

Accordingly,

**IT IS THEREFORE ORDERED** that Plusfour's Motion to Dismiss (ECF No. 11), is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plusfour's Motion for Summary Judgment (ECF No. 12) is DENIED AS MOOT.

///

///

///

---

[1] The parties stipulated that Plusfour would withdraw its motion to dismiss with respect to Plaintiff's FDCPA claim against Plusfour, and further stipulated that Plaintiff would not proceed with the FDCPA claim against Plusfour. (ECF. No 26).

**IT IS FURTHER ORDERED** that Plusfour's Motion to Dismiss (ECF No. 20) is DENIED.

DATED this 30th day of March, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE