# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

REBECCA A. WHITLOCK-ALLOUCHE,

    Plaintiff,

v.

PLUSFOUR, INC.,

    Defendant.

Case No. 2:17-cv-01656-RFB-VCF

**<u>ORDER</u>**

## I. INTRODUCTION

Before this Court comes Defendant PlusFour, Inc. ("PlusFour" or "Defendant")'s Motion for Summary Judgment (ECF No. 46), and Plaintiff Rebecca A. Whitlock-Allouche ("Plaintiff")'s Motion for Summary Judgment (ECF No. 49). For the reasons stated below, both Motions are denied.

## II. PROCEDURAL BACKGROUND

On June 14, 2017, Plaintiff filed her original Complaint. (ECF No. 1).[1] PlusFour filed a Motion to Dismiss and a Motion for Summary Judgment on July 31, 2017. (ECF Nos. 11, 12). Plaintiff filed the operative Amended Complaint with Jury Demand on August 10, 2017. (ECF No. 14). Plaintiff alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692 *et seq*. PlusFour filed another Motion to Dismiss the Amended Complaint, as well as another Motion for Summary Judgment, on August 22, 2017. (ECF Nos. 20, 21). Plaintiff filed her Response to the Motion to

---

[1] Plaintiff also named Amerassist A/R Solutions, Equifax Information Services, LLC, and Trans Union, LLC as Defendants. These Defendants have since been dismissed from the action.

Dismiss on September 12, 2017. (ECF No. 27). PlusFour filed its Reply on September 21, 2017. (ECF No. 28).

Both parties filed the instant Motions for Summary Judgment on February 26, 2018. (ECF Nos. 46, 49). Responses were filed on March 19, 2018. (ECF Nos. 53, 54). The parties filed Replies on April 2, 2018. (ECF NO. 56, 57). On March 30, 2018, the Court entered an Order denying PlusFour's first Motion to Dismiss and Motion for Summary Judgment as moot, and denying PlusFour's Motion to Dismiss the Amended Complaint. (ECF No. 55).[2]

Plaintiff filed a Motion for Leave to file Reply Affidavits regarding her Motion for Summary Judgment on April 2, 2018. (ECF No. 58). PlusFour filed its Response on April 5, 2018. (ECF No. 59). On April 12, 2018, Plaintiff filed her Reply. (ECF No. 60).

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility

---

[2] In its Order, the Court acknowledged the parties' agreement that Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") would not proceed.

determinations at the summary judgment stage. <u>Zetwick v. Cty. of Yolo</u>, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV.  UNDISPUTED FACTS**

The Court finds the following facts to be undisputed. Plaintiff is a resident of Nevada and a "consumer" as defined by the FCRA. PlusFour is a Nevada-based company that is in the business of collecting defaulted debts, and is a "furnisher" of credit information under the FCRA.

Plaintiff incurred a $256 debt to Pioneer Health Care in July 2012 (the "Debt"). At some point she defaulted on the Debt, and the Debt was assigned to PlusFour for collection. Plaintiff filed a Chapter 13 bankruptcy petition on April 13, 2011, which was converted to a Chapter 7 case on December 22, 2014. When she converted the case to Chapter 7, she listed the Debt in her schedules for the first time. The Debt was discharged in the Chapter 7 bankruptcy on March 16, 2015. Although PlusFour was listed as a creditor on Plaintiff's bankruptcy schedules, PlusFour was not on the list of creditors that were to receive notice of the bankruptcy.

Sometime after the conclusion of her bankruptcy case, Plaintiff obtained copies of her credit report from TransUnion and Experian. In Plaintiff's Equifax credit report dated September 7, 2016, PlusFour reported that Plaintiff still owed an outstanding balance of $256 even though PlusFour's debt was discharged in bankruptcy. In Plaintiff's Trans Union credit report dated September 7, 2016, PlusFour also reported that Plaintiff still owed an outstanding balance of $256, that she was "past due" and "in collection," even though PlusFour's debt was discharged in bankruptcy.

On October 19, 2016, Plaintiff or someone else on her behalf wrote letters to Equifax and Trans Union ("Dispute Letters") disputing the $256 balance that showed on Plaintiff's credit reports. Plaintiff attached her full credit report to these Dispute Letters. Neither of the Dispute Letters contains any reference to Plaintiff's bankruptcy. Plaintiff's attached credit reports also do not reflect that the Debt was included in a bankruptcy case. The credit reports do, however, list Plaintiff's bankruptcy as a public record, and do show that certain of her unrelated debts were included in bankruptcy.

On or about November 5, 2016, Equifax and Trans Union each sent Automated Consumer Dispute Verification ("ACDV") forms to PlusFour indicating the portions of the credit report that Plaintiff disputed and requesting a response from PlusFour. The ACDV forms were sent on e-OSCAR, the platform used by furnishers and CRAs to communicate consumer disputes. Along with the ACDV form, Equifax and Trans Union also included an attached file. Equifax's attachment included Plaintiff's dispute letter and her credit report. Trans Union's attachment also included Plaintiff's dispute letter. The ACDV forms themselves do not mention Plaintiff's bankruptcy.

PlusFour processes bankruptcy disputes differently than disputes that do not involve a bankruptcy. PlusFour did not treat Plaintiff's dispute as a bankruptcy dispute. After receiving the ACDV forms from Equifax and Trans Union, PlusFour conducted an investigation of Plaintiff's Debt and sent back the ACDV forms confirming that Plaintiff did not pay off the Debt and that it was therefore being reportedly accurately. Therefore, PlusFour continued to report that Plaintiff owed an outstanding unpaid balance, was in collection and was "past due." PlusFour did not open the attached files to the ACDV forms.

On about November 9, 2016, Plaintiff received a response to her dispute from Equifax, and on or about November 12, 2016, Plaintiff received a response to her dispute from Trans Union, both of which showed that PlusFour continued to report that Plaintiff owed an outstanding unpaid balance.

**V.     DISCUSSION**

**A. Liability Under the Fair Credit Reporting Act**

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers'

credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" 15 U.S.C. § 1681(a)(4). Gorman, 584 F.3d at 1153.

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." Id. at 1154 (citations omitted); see also Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002) ("That with these words Congress created a private right of action for consumers cannot be doubted. That right is to sue for violation of any requirement "imposed with respect to any consumer.")

15 U.S.C. § 1681s-2(b) provides for the duties of furnishers of information upon notice of a dispute. 15 U.S.C. §§ 1681s-2(b) provides in relevant part:

> (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>    (A) conduct an investigation with respect to the disputed information;
>    (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
>    (C) report the results of the investigation to the consumer reporting agency;
>    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>       (i) modify that item of information;
>       (ii) delete that item of information; or
>       (iii) permanently block the reporting of that item of information.

A furnisher may be held liable for violation 15 U.S.C. § 1681s-2(b)(1) if it fails to conduct a reasonable investigation after being notified by a CRA of a consumer's dispute. Gorman, 584 F.3d at 1157. The question of whether an investigation was reasonable is typically left to the jury – however, summary judgment of the reasonableness issue is appropriate to grant "when only one

conclusion about the conduct's reasonableness is possible." Id. (citation and quotation marks omitted).

The FCRA provides for actual damages, punitive damages, and attorney's fees for willful violations of its statutory requirements. 15 U.S.C. § 1681n(a). For negligent violations, FCRA provides for actual damages and attorney's fees. 15 U.S.C. § 1681o(a). "The term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation. . . . Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted).

"A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017), cert. denied, 138 S. Ct. 447, 199 L. Ed. 2d 340 (2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016)).

### B. PlusFour's Investigation and Continued Reporting of the Debt

The Court finds that there remains a genuine dispute of fact as to whether PlusFour reasonably investigated Plaintiff's dispute. Relatedly, there is a genuine dispute of fact as to whether PlusFour considered all relevant information in conducting its investigation of Plaintiff's dispute. The Court finds it to be undisputed that Plaintiff's bankruptcy was a matter of public record that PlusFour could have easily accessed. Whether it was required to do so is not clear from the FCRA. Defendant argues that it was not on notice of Plaintiff's bankruptcy because the ACDV did not refer to the bankruptcy or the Debt being discharged in bankruptcy. A reasonable juror could nonetheless find that PlusFour acted unreasonably in failing to review public records and discover Plaintiff's bankruptcy discharge, particularly as bankruptcy is one of the most common ways that consumer debt is discharged or otherwise written off. A reasonable juror could also find that PlusFour would have been immediately aware of the Debt being discharged had it reviewed public bankruptcy records, and would have provided a different response on the ACDV form – for example, not indicating on the form that the Debt was being correctly reported. Defendant states in its briefings that, had it known Plaintiff raised a bankruptcy-related dispute, it would have

processed the dispute differently.[3] There is a genuine dispute of fact as to whether PlusFour should have known that Plaintiff's dispute arose from her bankruptcy discharge.

There is also a genuine dispute of fact as to whether PlusFour received documents that would have informed it about Plaintiff's bankruptcy, and more specifically, that the Debt was discharged in the bankruptcy. Defendant challenges the sufficiency of some of the evidence provided by Plaintiff; for example, Defendant argues that an Affidavit provided by a representative of Trans Union does not describe which documents were attached to Plaintiff's October 19, 2016 dispute. Whether this Affidavit is entitled any weight is not a question the Court can resolve at this stage. Issues related to the weight, credibility, or sufficiency of the evidence are matters best left for trial.

As there are genuine disputes regarding the reasonableness of PlusFour's investigation, and its consideration of all relevant evidence, there also remains a genuine dispute as to whether PlusFour continued to furnish inaccurate or misleading information to the CRAs. If a jury finds that PlusFour acted reasonably in investigating Plaintiff's dispute, and that on the face of the ACDV PlusFour had no knowledge of Plaintiff's Debt being discharged in bankruptcy, then PlusFour cannot be liable for reporting inaccurate information. However, if a jury finds PlusFour's investigation was unreasonable, a jury may also find that PlusFour's continued reporting of the Debt was a willful, or at least negligent, violation of the FCRA.

**VI. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 46) is DENIED.

---

[3] Plaintiff points out that PlusFour spent less than a minute on her disputes. The Court finds that this fact alone does not prove unreasonableness, as a reasonable juror could find that PlusFour quickly searched Plaintiff's records and confirmed the amount of the reported Debt in less than one minute, based upon the ACDV form alone. As discussed herein, the more significant issue is whether PlusFour should have reviewed all the materials attached to the ACDV form to discover that Plaintiff's dispute involved a bankruptcy discharge.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Summary Judgment (ECF No. 49) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply Affidavits (ECF No. 58) is GRANTED.

**IT IS FURTHER ORDERED** that the parties submit a Joint Pretrial Order by October 8, 2018.

DATED: September 6, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**